IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>AUGUST 20; 2018 STANDBY LLC DBA SCOREBOARD; CHRISTOPHER MOSS; JASON CROSS; AND MCDONALD LAND COMPANY, INC.,<br><br>  Defendants. | Civil Action No. _____ |

## **COMPLAINT FOR DECLARATORY JUDGMENT AND RESCISSION**

Plaintiff, Ategrity Specialty Insurance Company ("Ategrity"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, hereby seeks Declaratory Judgment against Defendants, August 20; 2018 Standby LLC DBA Scoreboard ("Scoreboard"), Christopher Moss, Jason Cross, and McDonald Land Company, Inc. for purposes of determining a question of actual, immediate controversy between the parties. Ategrity respectfully shows the Court as follows:

### **PARTIES**

1. At all times relevant to this action, Ategrity is incorporated in the State of Delaware, with its principal place of business in Scottsdale, Arizona.

2. Upon information and belief, August 20; 2018 Standby LLC DBA Scoreboard is a limited liability company organized and existing under the laws of the State of South Carolina with its principal place of business in Dillon County, South Carolina. Upon information and belief, all members of August 20; 2018 Standby LLC DBA Scoreboard are residents of South Carolina.

3. Upon information and belief, Christopher Moss is a natural person and a resident of Durham County, North Carolina.

4. Upon information and belief, Jason Cross is a natural person and a resident of Dillon County, South Carolina.

5. Upon information and belief, McDonald Land Company, Inc. is a corporation operating and existing under the laws of the State of South Carolina with its principal place of business in Lancaster, South Carolina.

6. Ategrity issued Policy No. 01-C-PK-P20067014-0 to August 20; 2018 Standby LLC DBA Scoreboard for the original policy period of October 26, 2022 to October 26, 2023, but Policy No. 01-C-PK-P20067014-0 was cancelled on August 1, 2023 (hereinafter the "Policy".) A copy of the Policy is attached hereto as **Exhibit "A".**

7. On January 18, 2024, Jason Cross filed a Complaint in Dillon County Court of Common Pleas against August 20; 2018 Standby LLC DBA Scoreboard, Christopher Moss, Coastal Real Estate of South Carolina, L.L.C., McDonald Land Company, Inc., and John Doe, in a lawsuit styled *Jason Cross v. August 20, 2018, Standby, LLC d/b/a Reflexxions; Christopher S. Moss; Coastal Real Estate of South Carolina, L.L.C.; McDonald Land Company, Inc.; and John Doe*, Case No. 2024-CP-170-0023 (the "Underlying Lawsuit"). A copy of the Complaint is attached hereto as **Exhibit "B"**.

8. Ategrity retained counsel for Scoreboard and Christopher Moss and is providing Scoreboard and Christopher Moss with a defense in the Underlying Lawsuit subject a reservation of rights under the Policy. Ategrity has separately extended an offer to defend McDonald Land Company, Inc. as an additional insured under the Policy, under a reservation of rights.

9. As a claimant in the Underlying Lawsuit, Jason Cross has an interest in the outcome of this action.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the Plaintiff and the Defendants and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees and costs.

11. Venue is proper in the United States District Court for the District of South Carolina, because at least one Defendant resides in this district and because the events giving rise to the basis of the underlying actions occurred in this district.

## NATURE OF CLAIM

12. This is an action for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, for the purpose of construing and interpreting the terms of insurance contracts and for a determination of the rights and obligations, if any, of the parties arising from insurance contracts issued by Ategrity to Scoreboard and Christopher Moss.

13. An actual, present and existing controversy exists among the parties to this lawsuit regarding the rights and obligations, if any, of the parties with respect to the Underlying Lawsuit.

14. All conditions precedent to the filing of this action have been performed or have occurred.

15. Count I of this Complaint seeks rescission of the Policy due to material misrepresentations by Scoreboard and/or Chris Moss on the application for insurance submitted to Ategrity.

## THE APPLICATION AND ATEGRITY'S INVESTIGATION OF THE CLAIM

16. Defendant Christopher Moss submitted applications for insurance on behalf of Scoreboard to Ategrity's representatives to insure a purported restaurant located at 3027 US Hwy

301, Hamer, South Carolina. First, Scoreboard submitted a Restaurant Application ("Restaurant Application") on September 29, 2022 which represented that it was a new restaurant with an estimated $100,000 of food and $20,000 of liquor sales. In the Restaurant Application's "entertainment section" Scoreboard represented that it offered "karaoke sometimes" and that there is no dance floor and dancing is not permitted. A copy of the Restaurant Application is attached hereto as **Exhibit "C"**.

17. Thereafter, Scoreboard also submitted a "Commercial Insurance Application" on October 15, 2022 in connection with the insurance provided by Ategrity ("Commercial Application"). Scoreboard described its business operations as "restaurant w/ bar." A copy of the Commercial Application is attached hereto as **Exhibit "D"**.

18. Scoreboard also subsequently completed a Liquor Liability Application ("Liquor Application") which Scoreboard submitted on October 26, 2022. In the Liquor Application, Standby represented that it was a restaurant with a bar, which served alcohol at the premises from "12 to 12" and when asked to select "Type of Entertainment Activities", Scoreboard wrote "N/A". A copy of the Liquor Application is attached hereto as **Exhibit "E".**

19. The Restauration Application, Commercial Application, and Liquor Application are referenced hereafter collectively as the "Applications".

20. During the application process, when looking up Scoreboard's address, Ategrity's representative noted that Google maps indicated there was a strip club named "Reflexxions" at the same address as Scoreboard's restaurant and reached out to Scoreboard's agent for confirmation that Scoreboard was not operating a strip club.

21. On October 7, 2022, Ategrity specifically inquired as to whether Scoreboard was operating a strip club, and advised Scoreboard's agent that Ategrity hoped there was no strip club

exposure. Scoreboard's agent, on behalf of Scoreboard, advised that while the location used to be a strip club, Scoreboard would be operating a restaurant at the premises, and separately provided a link to a Facebook page for "Scoreboard Bar & Grill", which included posts from June, July, August and September 2021 that indicated the restaurant was "Coming Soon!!!", "Now Hiring!!!", and "Opening Soon!!!" Screenshots of the Facebook page are attached hereto as **Exhibit "F"**.

22. The Policy further provides, in pertinent part, as follows:

> **6. Representations**
>
> By accepting this policy, you agree:
>
> **a.** The statements in the Declarations are accurate and complete;
>
> **b.** Those statements are based upon representations you made to us; and
>
> **c.** We have issued this policy in reliance upon your representations.
>
> * * *

[Ex. A, Form CG 00 01 04 13.].

23. Thus, at all times during the application process, Ategrity understood that Scoreboard operated a restaurant at the premises, not a strip club. Based on the Applications, and in reliance on the representations therein, Ategrity issued the Policy to Scoreboard.

24. Ategrity received notice of the claim involving Scoreboard on June 20, 2023 when Defendant Jason Cross filed a claim and provided copies of police reports of the incident, which described the scene of the incident as a strip club.

25. After receiving notice of the claim, Ategrity learned for the first time that Scoreboard was operating a strip club at the premises. Accordingly, Ategrity issued a Notice of Cancellation of the Policy to Standby on June 29, 2023 effective August 1, 2023.

26. In the course of its investigation upon receiving the claim, Ategrity discovered that at the time that Scoreboard submitted the Applications, Scoreboard was operating as a strip club, despite its representations to the contrary.

27. While Scoreboard was applying for the Policy, Scoreboard's representatives were specifically asked whether Scoreboard was operating a strip club and Scoreboard denied same and provided a Facebook page as proof that it was operating a restaurant, intentionally mispresenting the establishment that Scoreboard was actually operating at the property. *See* Ex. F.

28. Moreover, the Instagram page for Reflexxions, which lists the same address as the insured address as its location, shows that at the same time that Scoreboard was applying for the Policy and representing that it was a restaurant, Scoreboard was actually operating as a stripclub known as Reflexxions. These contemporaneous Instagram posts promote various discounts and events at the strip club, all occurring in September 2022 at and around the same time Scoreboard submitted the Applications for the Policy and alleged it was operating a restaurant. Screenshots of these Instagram posts are attached hereto as **Exhibit "G"**.

29. Additionally, during the course of its investigation into the claim, Ategrity received a copy of Scoreboard's relevant alcohol sale licensing from the South Carolina Department of Revenue, which reflect that Scoreboard was operating as "Reflexxions2". A copy of the alcohol sales licenses are attached hereto as **Exhibit "H"**.

30. Accordingly, Ategrity understands that Scoreboard never operated and never intended to operate a restaurant at the premises but rather, intentionally and fraudulently represented its business in order to obtain insurance coverage.

## UNDERLYING LAWSUIT

31. In the Underlying Lawsuit, which was filed on January 18, 2024, Defendant Jason Cross alleges that Standby operated a "nightclub/bar" called Reflexxions at the property located

at 3027 Highway 301 North, Hamer, South Carolina and Christoper Moss was the "principal, manager, owner, operator, and/or member of Reflexxions.".  [Ex. B, at ¶¶ 3-4, 6.].

32. According to the Underlying Lawsuit, Nonprofit Standby 091219 d/b/a Luxe Social Club leased the property from McDonald Land Company, Inc. and operated Luxe Social club at the property from October 22, 2019 to September 30, 2021.  [Ex. B, at ¶¶ 16-17, 19.].

33. Allegedly, while operated as Luxe Social Club, Luxe Social Club was cited for violations including permitting the possession, sale and consumption of alcohol after 11 p.m. and for permitting possession of marijuana on its premises, which resulted in South Carolina Department of Revenue issuing a notice that it intended to revoke Luxe Social Club's alcohol licenses.  [Ex. B, at ¶ 20.].

34. Allegedly, thereafter, on April 1, 2021 Nonprofit Standby 091219 assigned the lease to Scoreboard to operate Reflexxions.  [Ex. B, at ¶ 22.].

35. The Underlying Lawsuit alleges an extensive criminal history at the premises, such that it was foreseeable that "violence and crimes would occur at Reflexxions given the continuing frequency of crimes."  [Ex. B, at ¶ 35.].

36. Allegedly, Plaintiff Jason Cross was not an employee of Reflexxions, but would on occasion rent the kitchen to serve food to "clubgoers."  Allegedly, on February 4, 2023, Plaintiff was at Reflexxions to work in the kitchen, but had moved into the "main area" when an altercation occurred which resulted in gunfire and led to a bullet striking the Plaintiff in the neck. [Ex. B, at ¶¶ 39, 43-45.

37. The Complaint brings causes of action for premises liability, negligence, gross negligence and negligence *per se* against Scoreboard and Christopher Moss, alleging, among other things, that Scoreboard and/or Christopher Moss failed to provide adequate security measures,

failed to exercise reasonable care to provide a safe environment for business invitees, permitting or ignoring criminal activity, failing to implement and follow security measures, failing to check identification at the door, and failing to remove unauthorized persons. [Ex. B, at. ¶ 57.].

38. The Complaint brings a second cause of action against Scoreboard and Christopher Moss for negligent hiring, training, and supervision alleging that the Plaintiff's injuries were caused by the willful, wanton, reckless, careless, negligent, and unlawful conduct of Scoreboard and Christopher Moss by failing to properly train its employees in recognizing dangerous conditions, failing to monitor the performance of security personnel, failing to monitor the performance of hired contractors, and failing to hire competent security personnel. [Ex. B, at ¶ 63.].

39. The Complaint alleges that as a result of Scoreboard's and Christopher Moss's negligence, wantonness, recklessness, and unlawfulness, the Plaintiff was hospitalized, will continue to need medical attention, suffers from lost wages and will suffer future lost wages and accordingly, is entitled to actual and punitive damages. [Ex. B, at ¶ 71.].

## COUNT I – DECLARATORY JUDGMENT FOR RESCISSION

40. Ategrity adopts and incorporates by reference all the allegations contained in Paragraphs 1 through 39 as though completely and fully set forth herein.

41. Ategrity, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, seeks a declaratory judgment that it may rescind the Policy based upon Scoreboard's material misrepresentations and/or omissions in the Application for the Policies and that Ategrity thus does not have any obligation to provide a defense to or indemnify Scoreboard and/or Christopher Moss with respect to the Underlying Lawsuit. Such a declaration will confer certainty on the parties

with respect to their rights and obligations under the Policies and will therefore serve the interests of justice.

42. Throughout the application process, Scoreboard specifically represented that it was not operating a strip club at the premises but rather, a restaurant.

43. The Underlying Lawsuit arises from allegations that Scoreboard was operating as a strip club called Reflexxions at the time of the incident and contemporaneous social media posts reflect that at the time when Scoreboard applied for the Policy, Scoreboard was actually operating a strip club known as Reflexxions.

44. Scoreboard's misrepresentation in the Application was fraudulent.

45. Scoreboard's misrepresentation was known to Scoreboard and/or Christopher Moss to be false when it submitted the Application.

46. Scoreboard intentionally deceived Ategrity to obtain the Policy sought by Scoreboard.

47. Scoreboard's misrepresentation was relied upon by Ategrity.

48. Scoreboard's misrepresentation materially affected the risk and/or hazard assumed by Ategrity.

49. If Ategrity had known the true facts, it would not have issued the Policy or it would have issued the Policy at a higher premium.

50. Ategrity is entitled to rescind the Policy based upon Scoreboard's material misrepresentation in its Application for the Policy.

51. Ategrity's rescission of the Policy renders it void and is effective as to McDonald Land Company, Inc. as an additional insured.

WHEREFORE, Ategrity respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Policy, including but not limited to the following: (a) Ategrity may rescind the Policy; (b) Ategrity has no obligation to provide Scoreboard and/or Christopher Moss with a defense in connection with the Underlying Lawsuit; (c) Ategrity has no obligation to make indemnity payment to any party under the Policy in connection with the Underlying Lawsuit; and (d) for all such other relief as justice may require, including but not limited to reimbursement of defense fees and costs incurred on behalf of Scoreboard and/or Christopher Moss in the Underlying Lawsuit.

Respectfully submitted this the 6th day of September, 2024.

                PHELPS DUNBAR LLP

By:   /s/ Robert M. Kennedy, Jr.
       Robert M. Kennedy, Jr.
       S.C. Bar No.: 102288
       D.S.C. Federal Court ID: 12270
       GlenLake Four | 4141 ParkLake
       Avenue, Suite 530
       Raleigh, North Carolina 27612-3723
       Telephone:    919-789-5300
       Facsimile:     919-789-5301
       E-mail: robert.kennedy@phelps.com

*Attorney for Ategrity Specialty Insurance Company*